G. FRED METOS
Attorney at Law
299 East Main, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 535-4350
Fax: (801) 961-4001
Email: fred@gfredmetos.com

IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CHAD AUSTIN BAWDEN,<br><br>Defendant. | OBJECTION TO GOVERNMENT'S POSITION REGARDING DETENTION<br><br>Case Number: 2:22-cr-481<br><br>Judge Clark C. Waddoups<br><br>Magistrate Judge Dustin Pead |

## INTRODUCTION

The government submitted its position regarding detention of the defendant (Doc. 27). That included a request that the defendant be detained pending trial in this case. The Bail Reform Act requires that before a defendant may be ordered detained prior to trial, a detention hearing must be held. To obtain a detention hearing, the government must submit a motion alleging that the case involves one of the circumstances described in 18 U.S.C. § 3142(f). The proof of the existence of one or more of those circumstances is a prerequisite to the court holding a detention hearing.

To meet this prerequisite for a detention hearing with respect to this defendant, the government has alleged that the provisions of 18 U.S.C. § 3142(f)(2) of are applicable. That

subsection states:

> (2) upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves--
> (A) a serious risk that such person will flee; or
> (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

In its submission to the court, the government provided facts that it claims to establish that the defendant is a serious risk to flee and a serious risk to obstruct justice. The government must establish the risk of flight by a preponderance of the evidence and the danger to the community (risk of obstruction of justice in this case) by clear and convincing evidence. Both of these factors require proof that there is a **serious risk** of being involved. The two allegations will be discussed separately.

## THE DEFENDANT IS NOT A SERIOUS FLIGHT RISK

To support its contention that the defendant is a serious flight risk, the government provided a description of the circumstances surrounding his self-surrender to federal agents at the Davis County Jail. The government described how the defendant, his wife and their seven-month-old son were traveling from Florida to Utah by plane. They had a stopover in Minneapolis, Minnesota. When they landed in Minneapolis, the defendant learned that he and others were the subjects of arrest warrants in this case. An attorney for one of the codefendants had told that codefendant that he advised Bawden to stay in Minneapolis. Ultimately, Bawden and his wife decided to drive a rental car back to Utah. The defendant had been communicating with a different attorney who contacted the AUSAs and the agents on the case to attempt to arrange a surrender. Ultimately, arrangements were made for the defendant to surrender at the Davis County Jail.

The government's argument seems to be that because the defendant chose to communicate with government agents through counsel to arrange a surrender rather than deal with the agents

directly made him a serious flight risk. The disconnect in the government's position is that those communications did result in a self-surrender rather than flight to avoid prosecution. At best, the facts described by the government indicate that the defendant was willing to surrender, but did not want to leave his wife and seven-month-old child in Minneapolis while he underwent the removal and process through the federal courts.

Another basis for a claim that the defendant is a flight risk is that the court docket from the defendant's State forgery case indicates that he failed to appear for a pretrial conference on September 11, 2017. The entry in the docket later that day states that the defendant's case was set on the court's morning calendar in error. That warrant was recalled when the defendant appeared in court on the afternoon calendar. The defendant had made all of his other court appearances in that case.

The defendant also has substantial ties to the community. He is married. He and his wife have three minor children together. He also has two children with an ex-wife that he pays child support for. His parents reside in West Valley. His siblings also reside in Salt Lake and Tooele counties. The defendant and his wife also own property and operate a business in Salt Lake. The State has failed to establish by a preponderance of the evidence that the defendant is a serious risk to flee. This factor cannot provide a basis for a detention hearing.

### THE DEFENDANT IS NOT A SERIOUS RISK TO OBSTRUCT JUSTICE

The information provided by the government to support the allegation that the defendant poses a serious risk to obstruct justice involves a description of the circumstances underling his prior forgery conviction. The government alleges that those circumstances are similar to the allegations in the Indictment in this case. Neither case involves any allegations that this defendant

obstructed justice or threatened or intimidated witnesses. The government argues that in the state case, the defendant used his ex-wife's name to open a merchant processing account and forged her signature to do so. The defendant plead guilty to a felony forgery, successfully completed probation early and the conviction was entered as a misdemeanor pursuant to Utah State law.

The government contends that the facts relating to the defendant's involvement in this case are similar because he opened the business in his current wife's name, shortly after he was terminated from probation. The government also claims that the defendant had communicated with another individual who is charged in this case. The claim is that the two were communicating about obtaining merchant processing accounts to sell dietary supplements. There is also an allegation that the defendant spoke with an unnamed straw signor about the legality and tax implications of being such a signor.

The government concludes that because the defendant engaged in some of these actions while on probation, he poses a serious threat to obstruct justice. The only action that the government describes that took place while the defendant was on probation was a conversation with a current co-defendant. That does not constitute obstructive behavior, much less does it constitute clear and convincing evidence that the defendant poses a substantial risk of obstructing justice.

It appears that in describing this behavior the government is implicitly arguing that the charges in this Indictment indicate that the defendant is engaging in recidivist behavior. However, that type of behavior does not fall within the parameters of 18 U.S.C. § 3142(f). Consequently, it fails to establish the prerequisite necessary for the government to obtain a detention hearing. (See: United States v. Himler, 797 F.2d 156 (3rd Cir. 1986) (The bail reform act does not authorize pretrial detention based on proof of a danger to the community that is based offenses that are not described

in subsection (f)(1).))  The government has failed to provide clear and convincing evidence that the defendant obstructed justice as described in 18 U.S.C. § 3142(f)(2)(B). It would be inappropriate to base a detention hearing on this allegation.

### THE EFFECT OF DENIAL OF THE REQUEST FOR A DETENTION HEARING

If the court denies the government's request for a detention hearing, a release is required. The question of the nature of such a pretrial release is governed by 18 U.S.C. § 3142(b) and (c). Subsection (b) requires either a personal recognizance release or release on an unsecured appearance bond unless the court determines that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community. If either of those conditions exist, the court is required to release the defendant, "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B).

The critical aspects of this provision are that the conditions be reasonably necessary and that they must be the least restrictive conditions to assure the defendant's appearance and assure the safety of any other person in the community. The necessity and propriety of such conditions will be addressed in court after receipt to the pretrial report.

DATED this 14th day of December, 2022.

/s/ G. Fred Metos
_____
G. FRED METOS
Attorney for Defendant

CERTIFICATE OF SERVICES

I hereby certify that on this 14th day of December, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

Nathan A. Crane
Attorney for Defendant Makiaio Lyman Crisler
Email: nac@scmlaw.com

Richard A. Van Wagoner
Attorney for Defendant Makiaio Lyman Crisler
Email: rvanwagoner@scmlaw.com

Matthew R. Lewis
Attorney for Defendant Phillip Gannuscia
Email: mlewis@kba.law

D. Loren Washburn
Attorney for Defendant Dustin Garr
Email: lwashburn@atllp.com

Trinity S. Jordan
Attorney for Defendant Dustin Garr
Email: tjordan@atllp.com

Cara M. Tangaro
Attorney for Defendant Barbra Jo Jordan
Email: cara@tangarolaw.com

Gregory G. Skordas
Attorney for Defendant Brent Goldburn Knudson
Email: gskordas@schhlaw.com

Cy H. Castle
Assistant United States Attorney
Email: cy.castle@usdoj.gov

Jamie Z. Thomas
Assistant United States Attorney
Email: jamie.thomas@usdoj.gov

Jennifer Muyskens

Assistant United States Attorney
Email: jennifer.muyskens@usdoj.gov

/s/ Stephanie Metos
_____