# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>APRIL GREN BAWDEN,<br>CHAD AUSTIN BAWDEN,<br>MAKAIO LYMAN CRISLER,<br>PHILLIP GANNUSCIA,<br>DUSTIN GARR, BARBARA JO<br>JACKSON, BRENT GOLDBURN<br>KNUDSON, ROBERT MCKINLEY, and<br>RICHARD SCOTT NEMROW,<br><br>Defendants. | Case No: 2:22-cr-481 CW<br><br><br>ORDER GRANTING MOTION FOR<br>PROTECTIVE ORDER<br><br><br>Judge Clark Waddoups<br>Chief Magistrate Judge Dustin Pead |

Having considered the United States' Motion for Protective Order, the Court hereby finds that a protective order is necessary and appropriate in this case to prevent harmful disclosure of the personal identifying information of various individuals, while still preserving the defendants' right to a fair trial and meaningful discovery. Pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(l), it is hereby ordered:

1. That the United States provide the defendants un-redacted copies of the discovery in this matter including documents and recordings that contain the personal identifying information of third parties.

2. The un-redacted discovery produced pursuant to this order shall not be disclosed or made available for inspection or copying to any person, other than as permitted in Paragraph 3.

1

3. Un-redacted discovery provided pursuant to this order may be further disclosed to the following people: (a) counsel for the defendants; (b) associates, secretaries, paralegals, private investigators, forensic accountants and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (c) court officials involved in this case.

4. Redacted discovery may be provided to the defendant on the condition that the full name of the person (initials may be used), personal identifying data (including date of births and social security numbers), residential address, telephone number(s), email or social media addresses are removed. Likewise, the personal identifying data of any prospective witnesses, their residential addresses, telephone numbers, email or social media addresses must be redacted.

5. Persons obtaining access to the discovery produced pursuant to this order shall use the information only for the preparation and conduct of this criminal trial, and any connected hearings or appeals. No information disclosed pursuant to this order shall be used for any other purpose or any other proceeding.

6. Except as otherwise required by defense counsels' ethical obligations, within 90 days of the conclusion of this case, all discovery produced pursuant to this order and all copies thereof (other than exhibits of the court) shall be returned to the United States Attorney's Office. The case shall be considered closed once the time for direct appeal and the time for any other post-conviction relief has lapsed.

7. Alternatively, counsel for defendants may retain the un-redacted discovery beyond the date the case is closed provided it is only used or disclosed with the consent of the U.S. Attorney's Office or after obtaining a court order authorizing disclosure.

8. Counsel for the defendant is responsible for employing reasonable measures to control duplication of, and access to, the un-redacted discovery.

9. The provisions of this order governing disclosure and use of the discovery shall not terminate at the conclusion of this criminal prosecution.

Signed this 21st day of December, 2022.

_____
HONORABLE DUSTIN PEAD
United States Chief Magistrate Judge