IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>vs.<br><br>CHAD AUSTIN BAWDEN,<br>　　　　　Defendant. | CASE NO: **2:22 CR 481 CW**<br><br>**DETENTION ORDER** |

　　　The defendant admits allegations set forth by the United States in its Motion for Revocation of Pretrial Release; specifically, failing to obtain suitable and verifiable employment as approved by the pretrial officer and failing to report as directed (*see* ECF No. 187 (motion) and 193 (petition)).  The motion of the government was filed on  April 12, 2023  After a hearing on this matter, the court finds by clear and convincing evidence that the defendant has violated the conditions of release.  The court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f) and § 3148.  The court concludes the defendant must be detained pending trial.

　　　In this case, a presumption of detention applies because the court finds probable cause to believe that the defendant committed a federal, state, or local felony while on release  specifically the offenses listed above and described in the government's motion.

　　　Based on the evidence presented and information of record, the court finds the defendant is unlikely to abide by any condition or combination of conditions of release.

　　　Specifically, the court finds that the defendant

- ☐ has a criminal record which indicates a propensity to violate the law and court orders;
- ☐ has a criminal record which indicates a propensity to violate court orders;
- ☐ has violated the conditions of release previously imposed by the court;
- ☐ has a propensity to harm or threaten harm to others;
- ☐ is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;
- ☒ was not truthful with pretrial services during his interview and therefore poses a substantial risk of noncompliance with supervision;
- ☐ is not a United States citizen, is subject to an ICE detainer, and faces deportation;
- ☐ is not a United States citizen and could flee the country before trial;
- ☐ has substantial contacts with a foreign country and could flee the country before trial;

- ☐ has limited contacts with the community;
- ☐ lacks a stable residence;
- ☐ has limited employment contacts;
- ☐ has failed to appear for court proceedings in the past;
- ☐ is currently in state custody;
- ☐ committed the alleged crime while on supervision;
- ☐ committed the alleged crime while on bond;
- ☐ has mental health issues which will pose a risk of harm if the defendant is released;
- ☐ waived the right to a detention hearing;

and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

The defendant was released in December with, among other things, a condition that he obtain suitable employment. In this regard, the underlying allegations in this cause heightened concern regarding appropriate work. On April 8, 2023, the defendant (through counsel) submitted a motion to approve employment asserting – falsely as it turned out – that the employer was aware of the indictment in this case. While it is not a condition of release that the employer be notified, such assertion would have the tendency to influence the pretrial officer's decision to approve employment. This is not the only issue. He had begun to work before approval could be considered and submitted a false, forged letter from the employer in support of his request to approve his employment. Together (and considering his underlying criminal history, the charges in this case, and the manner of his self-surrender), these demonstrate that the defendant is unlikely to abide by condition or combination of conditions of release (18 U.S.C. § 3148(b)(2)(B)). Detention is warranted.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the

corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated April 14, 2023

BY THE COURT

_____
Magistrate Judge Dustin B. Pead