G. FRED METOS (02250)
Attorney at Law
299 East Main, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 535-4350
Fax:(801)961-4001
Email: fred@gfredmetos.com

KATHRYN N. NESTER (13967)
Nester Lewis PLLC
50 W. Broadway, Ste. 300
Salt Lake City, UT  84101
Telephone: (801) 535-4375
Fax: (801) 907-7247
Email: kathy@nesterlewis.com

**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>CHAD AUSTIN BAWDEN,<br><br>Defendant. | MOTION TO REVIEW AND REVOKE DETENTION ORDER AND SUPPORTING MEMORANDUM<br><br>Case Number:  2:22-cr-0481<br><br>Judge Clark Waddoups |

<u>MOTION</u>

The defendant, Chad Bowden, by and through his attorneys of record, G. Fred Metos and Kathryn N. Nester, move this court pursuant to 18 U.S.C. § 3145(b) to review and revoke the Detention Order previously entered by the Magistrate Judge Pead in the above-entitled case and order the defendant released on conditions. The defendant had been released on conditions on December 19, 2022 (Doc. 113).  A petition alleging that the release conditions had been violated

was filed on April 14, 2023 (Doc. 193). A hearing was held on the alleged violations on April 14, 2023. The defendant admitted the violations alleged in the petition. The Magistrate Judge did not rule that the defendant constituted either a risk of flight or a danger to the safety of the community. However, he found pursuant to 18 U.S.C § 3148(b)(2)(B) that the defendant is unlikely to abide by any condition or combination of conditions release. (Doc.207)

This motion is made on the grounds and for the reason that there are conditions that the court may impose that will reasonably assure the safety of the community and the defendant's appearance in court. Further, there is insufficient information to establish that the defendant would not comply with the release conditions entered by the court. The defendant requests that he be released on the same conditions that were imposed in the original order of release with the additional following conditions:

1. Require the defendant to inform any potential employers of the fact that he is the subject of a federal prosecution including the nature of the charges and that he is currently being supervised on pretrial release.
2. Require that he take all medications as prescribed, specifically those related to the control of ADHD.
3. Require that he engage in a therapeutic or educational program directed at developing tools for impulse control.

## PROCEDURAL BACKGROUND

The defendant, Chad Austin Bawden is charged in a nineteen-count Superseding Indictment with nine other codefendants. (Doc. 176) He is charged with Conspiracies to commit Wire Fraud and Bank Fraud, violations of 18 U.S.C. § 1349, Conspiracy to Commit Money

Laundering, a violation of 18 U.S.C. § 1956(h), six counts of Wire Fraud, violations of 18 U.S.C. § 1343, and six counts of Aggravated Identity Theft, violations of 18 U.S.C. § 1028A. The defendant was released on conditions on December 19, 2022. (A copy of the order is attached.) (Doc. 113) One of the conditions of release was that the defendant, "maintain or actively seek suitable and verifiable employment and/or maintain or commence an educational program as approved by the pretrial officer."

On March 29, 2023, the defendant was offered a job with Bell Janitorial Supplies as a General Manager. He emailed a job description to counsel and to his pretrial officer, Caroline Bye-Routh. The pretrial officer informed him that he needed to obtain court approval for the employment. Mr. Bawden accepted the job and started working on March 30, 2023, prior to obtaining the necessary approval. On April 3, the defendant contacted counsel about getting approval for the employment and was told that a job description from the company would be needed and that description should be on the company letterhead. A job description was submitted to counsel on the company letterhead. A motion was prepared and filed requesting the approval of the employment. Based on the document received from the defendant, it was assumed that the defendant had informed the potential employer of his status of being on pretrial release for felony charges.

On April 11, 2023, the Assistant United States Attorney assigned to the case contacted the employer. The employer indicated that he was not aware of the defendant's status on pretrial release. He also indicated that the defendant had started working on March 30 and that he did not prepare the document with the job description. The government filed a motion requesting that the defendant's pretrial release be revoked. (Doc. 187) The pretrial officer then checked the defendant's computer and found that the defendant had created the document describing the job

that was submitted to the court.

The pretrial officer submitted a report describing these same facts and expressed a concern that the defendant had been charged with offenses relating to fraudulent behavior and that he had engaged in similar behavior in accepting employment and attempting to have that employment authorized. (Doc. 190) The report also indicated that prior to receiving this information, the defendant had been compliant with the conditions of release. A petition alleging that the defendant had violated the conditions of his release by failing to obtain suitable and verifiable employment and by failing to report to his pretrial officer as directed was filed. (Copy attached.) (Doc. 193)

A hearing was held on April 14, 2023, before Magistrate Judge Dustin Pead. The defendant admitted the two allegations. The previously described facts were provided to the court and the parties argued whether the defendant should be allowed to remain on release. The Magistrate Judge did not make a finding that the defendant was either a flight risk or a danger to the community. Rather, he found pursuant to 18 U.S.C § 3148(b)(2)(B) that the defendant is unlikely to abide by any condition or combination of conditions of release. (Copy of Detention Order is attached.) (Doc. 207)

## FACTUAL BACKGROUND

The Pretrial Services Report prepared in relation to the defendant's original detention hearing described the basic nature and circumstances of the offenses. It also provides pertinent information about his background, ties to the community and physical and mental health issues. The important aspects of the report indicate that the defendant is a lifelong resident of Utah. He has two children from a prior marriage and three children with his current wife. At the time of his arrest, he was involved with a business, Total Client Connect. The Indictment alleged that business

was involved in the scheme to defraud that formed the basis of the charges alleged in the Indictment. Consequently, the business was shut down. The defendant has been seeking employment since his release in December. He had engaged the services of a company to assist him in finding a management level job. He was unsuccessful in finding employment.

The defendant's criminal history consists of a traffic offense and a forgery conviction. The forgery occurred in 2017. It involved his obtaining a merchant processing account in his former wife's name and forging her signature to do so. He plead guilty and was sentenced later that year. He was placed on probation for 36 months. He paid the restitution and had no violations of the conditions of probation and was terminated early after serving 18 months.

The pretrial report also indicates that the defendant has been diagnosed with ADHD. That condition may include symptoms of impulsivity, inability to concentrate, inattention, hyperactivity, and distractibility. ADHD can be controlled with medication and therapy. There were no mental health conditions in the original order of release.

## LEGAL STANDARDS

The District Court reviews a Magistrate-Judge's detention order de novo. United States v Cisneros, 328 F.3d 610 (10th Cir. 2003) (footnote 1). As previously described, in this case the detention order sought to be reviewed was based on a finding of two related violations of his pretrial release order. The revocation of pretrial release is governed by 18 U.S.C § 3148. The statute describes the procedures and potential sanctions for violations of pretrial release conditions. It provides:

(a) **Available sanctions.**--A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.

**(b) Revocation of release.** --The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person does not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

**(1)** finds that there is—

**(A)** probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

**(B)** clear and convincing evidence that the person has violated any other condition of release; and

**(2)** finds that—

**(A)** based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

**(B)** the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

**(c) Prosecution for contempt.**--The judicial officer may commence a prosecution for contempt, under section 401 of this title, if the person has violated a condition of release.

In United States v. Gotti, 794 F.2d 773 (2nd Cir. 1986), the court held that upon a finding that the defendant had violated the terms and conditions of pretrial release, detention may be imposed upon the application of a preponderance of the evidence standard. This burden of proof was adopted by the Fifth Circuit in United States v Aron, 904 F. 2d 21 (5th Cir 1990). The Tenth Circuit addressed the application of the presumptions applicable on a court finding probable cause to believe that the defendant committed a crime in United States v. Cook, 880 F.2d 1158 (10th Cir. 1989). The court stated, "Once the presumption under that section [(2)(B)] comes into play, the burden of production, but not persuasion shifts to the defendant." Id. at 1162. The court further indicated that once the burden of production has been met, the presumption remains as a consideration in the release or detention determination.

In several cases where the appellate courts have upheld a detention based on a finding that the defendant is unlikely to abide by any conditions or combination of conditions of release, there were findings that the defendant had multiple violations of the release conditions or attempted to interfere with the prosecution. United States v. Minor, 204 Fed. Appx.453 (5th Cir. 2006), (Multiple violations of an electronic monitoring condition coupled a violation of an alcohol use restriction.) United States v. Ruelet, 658 Fed. Appx. 910 (10th Cir. 2016) (Drunk Driving arrest coupled with multiple alcohol related violations and attempts to hide alcohol consumption.) United States v Manafort, 897 F.3d 340 (D.C. App. 2018) (Violation of the court's gag order by contributing to an op-ed in a foreign paper; contacting potential witnesses in a manner that could not be controlled by limiting the use of electronic communication devices.) United States v. Aron, supra, (Attempt to intimidate a government witness.)

ANALYSIS

Although the government's motion alleges that the defendant committed new offenses in violation of the pretrial release conditions, the violation petition filed by pretrial services did not allege that the defendant committed new offenses.  The difference that this makes is that if the court finds that there is probable cause to believe that the defendant committed a new criminal offense, a presumption arises that the defendant is both a flight risk and a danger to the community.  Even if the government were entitled to that presumption, there is information that the defendant could meet his burden of production.

With respect to the issue of flight, the defendant owns a home in Salt Lake County.  His wife, children, parents and extended family also reside in Salt Lake County.  When the initial arrest warrant was issued, the defendant appeared and surrendered to law enforcement agents at the Davis County Jail.  (At the time the warrant was issued the defendant was traveling and the agents instructed him to surrender to the court in Minneapolis.  Rather than doing that he rented a car and drove himself, his wife and infant child back to Utah to surrender.)  After being released, he stayed in contact with his supervising probation officer, including personally appearing as requested at the probation office.  He also appeared voluntarily at the hearing on the alleged pretrial release violations.  These facts meet any burden of production and further establish that he is not a flight risk.

The original Order of Release entered by the Magistrate Judge found that there were conditions that would assure the appearance of the defendant and the protection of the community.  In the Detention Order entered based on the violations of the pretrial conditions, the Magistrate Judge did not find that the defendant constituted either a flight risk or a danger to the community.  The alleged violations relate to taking a job with a janitorial supply company without prior

approval of the probation department, then providing a fabricated document to the court to obtain the approval for the employment after the fact. The nature of the allegations does not reflect negatively on either of the issues of flight or danger to the community.

With respect to the question of whether the defendant is unlikely to abide by any condition or combination of conditions of release, there are several important considerations. First, as discussed, the defendant had been on probation previously. He completed the probation without any violations and was given early termination. Second, as noted in the report submitted by his supervising probation officer, prior to this incident, the defendant had been compliant with the conditions of release. Third, these violations involved a single incident. It did not involve a pattern of violations that would indicate an unwillingness or inability to comply with the conditions of probation. Finally, these allegations do not affect the ability to prosecute the charges by attempting to interfere with witnesses or unduly influence potential jurors.

Another consideration is that the defendant suffers from ADHD. His actions with respect to the violation reflect impulsive, hyperactive behavior that is consistent with ADHD. As previously noted, that condition can be controlled thorough medication and therapy. Requirements that he take his medications as prescribed and engage in an appropriate therapeutic or educational program would provide assurance that the defendant would be able to comply with the conditions of release.

## CONCLUSION

Based on the foregoing, the court should find that the defendant is neither a flight risk, nor a danger to the community. Likewise, the defendant's inability to abide by the conditions of release has not been established by a preponderance of the evidence. That requires that the court

revoke the detention order entered by the Magistrate Judge and enter a order of pretrial release. The urges the court to incorporate the additional proposed conditions with the original release conditions to avoid potential problems that may result from impulsive type behavior.

DATED this 9th day of May, 2023.

s/ G. Fred Metos

_____
G. FRED METOS
Attorney for Defendant


/s/ Kathryn N. Nester

_____
KATHRYN N. NESTER
Attorney for the Defendant