G. FRED METOS
Attorney at Law
299 East Main, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 535-4350
Fax: (801)961-4001
Email: fred@gfredmetos.com

---

**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff, <br><br> v. <br><br> CHAD AUSTIN BOWDEN, <br><br> Defendant. | ATTACHMENTS TO MOTION TO REVIEW AND REVOKE DETENTION ORDER <br><br> Case Number:  2:22-cr-0481 <br><br> Judge Clark Waddoups |

The defendant, Chad Bowden, by and through his attorneys of record, G. Fred Metos and

Kathryn N. Nester, submit the following documents as attachments to the previously filed Motion to

Review and Revoke Detention Order (Doc. 210):

      1.     Order of Release (Doc. 113)

      2.     Petition (Doc. 193)

      3.     Detention Order (Doc.207)

DATED this 10th day of May, 2023.

/s/ G. Fred Metos

_____

G. FRED METOS
Attorney for Defendant

/s/ Kathryn N. Nester

_____

KATHRYN N. NESTER
Attorney for the Defendant

# United States District Court

## DISTRICT OF UTAH

UNITED STATES OF AMERICA

**V.**

**Chad Austin Bawden**

**ORDER SETTING
CONDITIONS OF RELEASE**

FILED US District Court-UT
DEC 19 '22 PM12:38

Case Number:  **2:22-cr-00481 CW**

IT IS SO ORDERED that the release of the defendant is subject to the following conditions:

(1)  The defendant must not commit any offense in violation of federal, state or local or tribal law while on release in this case.

(2)  The defendant must immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3)  The defendant must appear in court as required and must surrender for service of any sentence imposed.

|  | Enter text. |
|---|---|
| The defendant must next appear at (if blank, to be notified) | PLACE |
| Enter text.                              on | Enter text. |
|  | DATE AND TIME |

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4)  The defendant promises to appear in court as required and to surrender for service of any sentence imposed.

(5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

Enter text.      dollars    ($) Enter text.

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(6) The defendant must:

☒ (a) maintain or actively seek suitable and verifiable employment and/or maintain or commence an educational program as approved by the pretrial officer.

☒ (b) abide by the following restrictions on his/her personal associations, place of abode, or travel:
    ☒ (i) maintain residence and do not change without prior permission from the pretrial officer.
    ☒ (ii) not travel outside the state of Utah without prior permission from the Court.
    ☒ (iii) not travel outside the United States without prior permission from the Court.

☒ (c) avoid all contact, directly or indirectly, with any person who is or may be an alleged victim, potential witness and/or codefendant in the investigation or prosecution. List of persons to be provided to the defendant by the Government.

☒ (d) report on a regular basis to the pretrial officer as directed. Immediately report to the pretrial officer any contact with law enforcement personnel, including arrests, questioning, or traffic stops.

☒ (e) not possess a firearm, ammunition, destructive device, or other dangerous weapon.

☐ (f) ☐ not use alcohol, ☐ not use alcohol to excess, ☐ not frequent establishments where alcohol is the main item of order.

☐ (g) not use or unlawfully possess a narcotic drug and other controlled substances defined in 21 U.S.C.§ 802 unless prescribed by a licensed medical practitioner. Prescriptions should be reported to the pretrial officer. You shall not use, possess, ingest, or market products containing THC in any form or CBD products which are not obtained from a pharmacy by prescription.

☐ (h) submit to drug/alcohol testing as directed by the pretrial officer; defendant shall pay all or part of the cost of the drug testing:
    ☐ (1) if testing reveals illegal drug use, the defendant must participate in drug and/or alcohol abuse treatment, if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
    ☐ (2) if testing reveals illegal drug use, the court will be notified immediately, with further action to be determined.

☐ (i) you must submit to Remote Alcohol Testing and abide by all of the program requirements for a period of $\underline{*}$ days. You must pay all or part of the costs of participation in the program as directed by the pretrial officer.

☐ (j) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

☐ (k) undergo mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

☒ (l) surrender any passport to the United States Clerk of the Court, District of Utah.

☒ (m) not obtain or apply for passport.

☒ (n) not incur new credit charges or open additional lines of credit without prior permission from the pretrial officer.

☒ (o) not be employed in any fiduciary capacity or any position allowing access to credit or personal information of others.

☐ (p) not view, access or possess any sexually explicit materials.

☐ (q) not have contact with individuals under 18 years of age without the supervision of an adult who is previously approved by the Court or pretrial officer.

☐ (r) participate in one of the following location restriction program components and abide by its requirements as the pretrial officer instructs. Pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial officer. No overnight travel without Court approval.
    ☐ (i) Curfew. You are restricted to your residence every day (Enter) from Enter to Enter or ☐ as directed by the pretrial officer; or
    ☐ (ii) Home Detention. You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities preapproved by the pretrial officer; or
    ☐ (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and

court appearances or other activities specifically approved by the Court.

☐ (iv) Stand Alone Monitoring. You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note**: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

☐ (s) submit to the following location monitoring technology and comply with its requirements as directed:

    ☐ (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or

    ☐ (ii)  Radio Frequency (RF);

    ☐ (iii) Global Positioning Satellite (GPS);

    ☐ (iv) Voice Recognition Monitoring (requires analog phone service at approved residence at participant's expense);

    ☐ (v)  Virtual Monitoring Application (requires smartphone with location services and push notification features enabled at participant's expense).

☒ (t) submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that the premises may be subject to searches pursuant to this condition.

☒ (u) participate in the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program under a ☐ co-payment plan or ☐ non-co-payment plan, and will comply with the provisions outlined in:

    ☒ (i)  Appendix A - Limited Internet Access (Computer and internet use, as approved); Defendant shall be allowed 2 devices.

    ☐ (ii)  Appendix B - Restricted Internet Access (Computer access only, as approved);

    ☐ (iii) Appendix C - Restricted Computer Access (No computer or internet access except for approved employment).

All computers, internet accessible devices, media storage devices, and digital media accessible to the defendant are subject to manual inspection/search, configuration, and the installation of monitoring software and/or hardware.

The defendant must submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that all computers, internet accessible devices, media storage devices, and digital media may be subject to searches pursuant to this condition.

☐ (v) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property.

☐ (w) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money:

☐ (x) execute a bail bond with solvent sureties in the amount of $ Enter text.

☐ (y) be placed in the custody of a third party, who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Name of person or organization
Address
City and state     (Tel no.)

Signed:_____
                                         Custodian or Proxy

☐ (7) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☐ (8) Attend Pretrial Pathways Program as directed by Pretrial Services.

☐ (9) Additional conditions: Enter text.

## _Special Conditions_

No credit card laundering, making, or assisting others in making, directly or indirectly, any false or misleading statement in order to obtain Payment Processing Services

No engaging in any tactics to avoid fraud and risk monitoring programs established by any financial institution, acquiring bank, or the operators of any payment system, including tactics such as balancing or distributing sales transactions among multiple merchant accounts or merchant billing descriptors

No using shell companies to apply for a merchant account.

No recruiting individuals to open bank accounts in their names

No working in customer service or call centers

No travel outside the state of Utah

No transfer of assets greater than $1,000 whether in their individual name or in a trust Computer monitoring.  Exceptions are car payments, house payments and child support obligations.

No formation of new business entities.

Report all email address and phone numbers that defendant has access to or control over.

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

    YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence will be in addition to any other sentence.

    Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2)    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)    any other felony, you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)    a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender must be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
City and State

## Directions to the United States Marshal

☒    The defendant is ORDERED released after processing.

☐    The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant must be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: December 16, 2022

_____
Signature of Judicial Officer

Chief United States Magistrate Judge – Dustin B. Pead
Name and Title of Judicial Officer

PS8 - D/UT 02/19

# UNITED STATES PROBATION OFFICE
## FOR THE DISTRICT OF UTAH

## Petition and Order for Action on Conditions of Pretrial Release

Name of Defendant: Chad Austin Bawden                Docket Number:  2:22CR00481-002

Name of Judicial Officer:    Honorable Dustin B. Pead
                             Chief U.S. Magistrate Judge

Date of Release:    December 16, 2022

## PETITIONING THE COURT

To issue a Summons: 15324 South Revolutionary Way, Bluffdale, Utah, 84065

## CAUSE

The pretrial officer believes that the defendant has violated the conditions of supervision as follows:

**Allegation No. 1:** The defendant failed to obtain suitable and verifiable employment as approved by the pretrial officer.

Evidence in support of this allegation: Information obtained from the government indicating the defendant had begun employment with Bell Janitorial Services prior to receiving approval from Pretrial Services.

**Allegation No. 2:** The defendant failed to report to pretrial officer as directed.

Evidence in support of this allegation: Information obtained from the government indicating the defendant's supervisor at Bell Janitorial Services, Mike Tanner, did not author court document 180-1, outlining the defendant's employment duties. Further review of the defendant's computer activity indicates on April 4, 2023, he falsified this document.

I declare under penalty of perjury that the foregoing is true and correct.

By      Caroline Bye-Routh
        U.S. Pretrial Services Officer
        Date:  April 13, 2023

Chad Austen Bawden
1088 2:22CR00481-002

**THE COURT ORDERS:**

☐  The issuance of a Summons
☐  The issuance of a Warrant
☐  No action
☐  Other: _____
☒  Expedited hearing set for: __04/14/23__ at __12:30 pm__
    before U.S. Magistrate Judge __Dustin B. Pead__

_____
Honorable Dustin B. Pead
Chief U.S. Magistrate Judge

Date: __April 13, 2023_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>          vs.<br><br>CHAD AUSTIN BAWDEN,<br>                    Defendant. | CASE NO: **2:22 CR 481 CW**<br><br><br>**DETENTION ORDER** |

   The defendant admits allegations set forth by the United States in its Motion for Revocation of Pretrial Release; specifically, failing to obtain suitable and verifiable employment as approved by the pretrial officer and failing to report as directed (*see* ECF No. 187 (motion) and 193 (petition)).   The motion of the government was filed on  April 12, 2023  After a hearing on this matter, the court finds by clear and convincing evidence that the defendant has violated the conditions of release.  The court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f) and § 3148.  The court concludes the defendant must be detained pending trial.

   In this case, a presumption of detention applies because the court finds probable cause to believe that the defendant committed a federal, state, or local felony while on release  specifically the offenses listed above and described in the government's motion.

   Based on the evidence presented and information of record, the court finds the defendant is unlikely to abide by any condition or combination of conditions of release.

   Specifically, the court finds that the defendant

☐ has a criminal record which indicates a propensity to violate the law and court orders;

☐ has a criminal record which indicates a propensity to violate court orders;

☐ has violated the conditions of release previously imposed by the court;

☐ has a propensity to harm or threaten harm to others;

☐ is addicted or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if released;

☒ was not truthful with pretrial services during his interview and therefore poses a substantial risk of noncompliance with supervision;

☐ is not a United States citizen, is subject to an ICE detainer, and faces deportation;

☐ is not a United States citizen and could flee the country before trial;

☐ has substantial contacts with a foreign country and could flee the country before trial;

☐    has limited contacts with the community;

☐    lacks a stable residence;

☐    has limited employment contacts;

☐    has failed to appear for court proceedings in the past;

☐    is currently in state custody;

☐    committed the alleged crime while on supervision;

☐    committed the alleged crime while on bond;

☐    has mental health issues which will pose a risk of harm if the defendant is released;

☐    waived the right to a detention hearing;

and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

The defendant was released in December with, among other things, a condition that he obtain suitable employment. In this regard, the underlying allegations in this cause heightened concern regarding appropriate work. On April 8, 2023, the defendant (through counsel) submitted a motion to approve employment asserting – falsely as it turned out – that the employer was aware of the indictment in this case. While it is not a condition of release that the employer be notified, such assertion would have the tendency to influence the pretrial officer's decision to approve employment. This is not the only issue. He had begun to work before approval could be considered and submitted a false, forged letter from the employer in support of his request to approve his employment. Together (and considering his underlying criminal history, the charges in this case, and the manner of his self-surrender), these demonstrate that the defendant is unlikely to abide by condition or combination of conditions of release (18 U.S.C. § 3148(b)(2)(B)). Detention is warranted.

### Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the

corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated April 14, 2023

BY THE COURT

_____

Magistrate Judge Dustin B. Pead