TRINA A. HIGGINS, United States Attorney (#7349)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC#475353)
CY H. CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED US District Court-UT
AUG 21 '23 PM03:20

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BARBARA JO JACKSON, Defendant. | Case No. 2:22-cr-481 CW STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT Judge Clark Waddoups |

     I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

     1.     As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Count 1 of the Superseding Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove to convict me. The elements of Count 1, Conspiracy to Commit Wire Fraud are:

     First:     two or more persons, including the defendant, agreed to commit the crime of Wire Fraud, a violation of 18 U.S.C. § 1343;

     Second:     the defendant knew the essential objectives of the conspiracy;

   Third:  the defendant knowingly and voluntarily participated in the conspiracy; and

   Fourth:  the coconspirators were interdependent.

  2. I know that the maximum possible penalty provided by law for Count 1 of the Superseding Indictment, a violation of 18 U.S.C. § 1349 is a term of imprisonment of 30 years, a fine of $1 million, a term of supervised release of 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

   a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

   b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

  3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

  4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

  5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

  6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

   b. I have a right to see and observe the witnesses who testify against me.

   c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

    e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h. It requires a unanimous verdict of a jury to convict me.

    i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

  7.  If I plead guilty, I will not have a trial of any kind.

  8.  I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

  9.  I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

  10.  I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

  11.  I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> From at least in or around January of 2016, and continuing through in or around April 2022, myself, my co-defendants, and others agreed to commit Wire Fraud. I knew the essential objectives of the Conspiracy to Commit Wire Fraud, which was to obtain debit and credit card processing from financial institutions so that we could obtain payment processing for the sales of dietary and nutraceutical supplements. I knowingly and voluntarily participated in the Conspiracy, and I admit that I and each of my co-

3

conspirators depended on the other co-conspirators to accomplish the scheme.

Because of the high number of chargebacks associated with the online sales of nutraceutical and dietary supplements and the deceptive sales practices used by members of the conspiracy, I and my co-conspirators deceived the financial institutions to obtain payment card processing services so members of the conspiracy could obtain millions of dollars in sales of nutraceutical and dietary products. The sales of the nutraceutical and dietary products could not occur with active merchant processing accounts. To obtain merchant processing accounts, I and my co-conspirators devised and engaged in a scheme to create sham LLCs for the purpose of submitting falsified merchant processing application to obtain hundreds of merchant accounts that could be used by members of the conspiracy for payment processing services to make the sales of nutraceutical and dietary products.

My role in the Conspiracy was to recruit individuals to serve as straw owners of sham LLCs, for the purpose of opening bank accounts that could be used to apply for merchant accounts. I recruited hundreds of individuals to provide their personal information to open bank accounts and to form sham LLCs so that other members of the conspiracy could submit merchant processing applications and obtain merchant processing accounts from financial institutions using the straw owner's personal information. I obtained personal information from the straw owners such as their bank statements, drivers licenses, and tax returns, which I then passed on to another member of the conspiracy knowing that such information would be used to submit false or fraudulent merchant processing applications to financial institutions. The straw owners were typically paid $250-350/month as long as their merchant processing account(s) remained open. Despite what was represented to the financial institutions, the straw owners did nothing to operate the sham LLCs, and all of the marketing of products and sales of products was managed by members of the conspiracy. I was paid for each straw owner I recruited.

As part of my role in the Conspiracy, I had access to and control over the bank accounts for each sham LLC purportedly controlled by a straw owner that I recruited. When the bank accounts in the name of the sham LLCs received money paid from merchant processors for sales made by members of the conspiracy, I would regularly "scrape" the account and transfer the proceeds into other accounts. Either I or another member of the conspiracy would authorize wire transfers to and from these accounts for purposes of funding the scheme to defraud and paying members of the conspiracy. I

4

was given instructions on where and when to wire money from another member of the conspiracy.

I acknowledge and agree that I personally received $347,000 in proceeds from the scheme to defraud and my participation in the Conspiracy.

I admit that my conduct violated 18 U.S.C. § 1349.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a. **Guilty Plea.** I will plead guilty to Count 1 of the Superseding Indictment.

b. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 2-15 of the Superseding Indictment as they pertain to me at the time of sentencing.

c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

d. **Acceptance of Responsibility.** The United States agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense [or offenses], up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

e. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final

presentence report. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2)     I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3)     I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4)     I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5)     Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

f. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g. **Restitution.**

(1)     I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty. My attorney has explained what mandatory restitution means. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3).

(2)     Under 18 U.S.C. § 3663A(a)(3), at the time of sentencing, I agree to pay restitution in the amount of 2% of the total amount of restitution for the scheme to

6

defraud as determined by the Court in this case, or $347,000, whichever is the lesser amount. I agree to pay this specific restitution.

(3) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(4) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

h. **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\*       \*       \*       \*

I make the following representations to the Court:

1. I am _70_ years of age. My education consists of _3 years of college_. I _____ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

7

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 18th day of August, 2023

_____
BARBARA JO JACKSON
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained her rights to her, and that I have assisted her in completing this written agreement. I believe that she is knowingly and voluntarily entering the plea with full knowledge of her legal rights and that there is a factual basis for the plea.

DATED this 18th day of August, 2023

_____
CARA TANGARO
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

8

DATED this 18th day of August, 2023

                                                  TRINA A. HIGGINS
                                                  United States Attorney

                                                  */s/*

                                                  JAMIE Z. THOMAS
                                                  JENNIFER K. MUYSKENS
                                                  CY H. CASTLE
                                                  Assistant United States Attorneys